IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Lynch, | ) | C/A No.: 1:17-2979-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the court on Plaintiff's counsel's motion for fees

under 42 U.S.C. § 406(b). [ECF No. 27]. The parties consented to the

undersigned's disposition of this case [ECF No. 15], and on April 10, 2018, the

matter was referred to the undersigned by order of the Honorable Patrick

Michael Duffy. [ECF No. 16]. On December 28, 2018, the court reversed the

Commissioner's decision that had denied Plaintiff's claim for social security

disability benefits and remanded the case for further administrative

proceedings pursuant to sentence four  of 42 U.S.C. § 405(g). [ECF No. 21].

On April 5, 2019, the court issued an order granting Plaintiff's motion for fees

under the Equal Access to Justice Act ("the EAJA") and directing the

Commissioner to pay Plaintiff $4,160. [ECF No. 26]. On April 3, 2020,

Plaintiff's counsel informed the court that the Commissioner subsequently

awarded total past-due benefits in the amount of $90,025. [ECF Nos. 27 at 1,

27-1]. Counsel requested the court authorize a fee in the amount of $21,042.40, which represents 25% of past-due benefits resulting from the claim, as agreed to by Plaintiff in the contingent fee agreement dated November 29, 2017. [ECF Nos. 27-2]. The Commissioner subsequently filed a response in support of counsel's request for attorney fees. [ECF No. 28]. The court has considered the motion for fees, and for the reasons that follow, the court approves the motion under 42 U.S.C. § 406(b), as set forth herein.

I.      Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the relevant statute allows the court to "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. However, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount

of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005) (citing *Gisbrecht* at 808).

Counsel filed a copy of the contingent fee agreement, signed by Plaintiff, which provides that if the claim is pursued in federal court "the standard twenty-five percent (25%) of all the past-due benefits should apply." *See* ECF No. 27-2. Because the fee agreement is presumptively valid under the Supreme Court's ruling in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Counsel represented the claimant over a period of approximately two-and-a-half years in both administrative and district court proceedings. *See* ECF No. 27-2. Counsel obtained total past-due benefits on claimant's behalf in the amount of $90,025 for the period beginning in July 2016. [ECF No. 27-1]. In consideration of the nature of the representation at both the administrative and district court levels, the period of the representation, and the amount of past-due benefits obtained for Plaintiff, the court concludes that the fee is not out of line with the character of the representation and the results achieved.

The court further determines that counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court.

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 20.8 hours at the district court level. *See* ECF Nos. 27-1 at 1. Although the calculated hourly rate for time spent in this court seems exorbitant, the undersigned may consider as part of the reasonableness determination the work expended by counsel at the agency level. *See Mudd v. Barnhardt*, 418 F.3d 424, 428 (4th Cir. 2005) (while the court may not award attorney's fees based on the attorney's work at the agency level, the court may consider "as one factor in its reasonableness determination, the work performed by counsel on the case when it was pending at the agency level"). The court remanded the case to the agency on December 28, 2018. [ECF No. 21]. Counsel represented Plaintiff at the agency level from December 28, 2018, until a favorable decision was rendered on March 30, 2020. [ECF No. 27 at 1]. Based on the length of the administrative process and result achieved, the undersigned concludes counsel devoted substantial time to the claim at the administrative level. In light of the foregoing, the requested fee is not unreasonably large in comparison to the amount of time counsel spent on the case.

The court finds that the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's

motion for fees under 42 U.S.C. § 406(b) and approves a total attorney's fee of $21,042.40.

## II. Refund of EAJA Fees

The *Gisbrecht* Court directed that the attorney should refund the smaller fee to "the claimant" when the attorney obtained fees under both the EAJA and 42 U.S.C. § 406(b). Therefore, the court directs counsel, upon receipt of the total fee approved herein, to refund to Plaintiff the $4,160 EAJA fee paid in this action.

IT IS SO ORDERED.

*Shiva V. Hodges*

April 14, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge